IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON T. FERGUSON,

    Petitioner,                    CASE NO. 2:09-CV-00138
                                        JUDGE GRAHAM
v.                                      MAGISTRATE JUDGE ABEL

TIMOTHY BRUNSMAN, WARDEN,

    Respondent.

## OPINION AND ORDER

On December 10, 2010, final judgment was entered dismissing the instant habeas corpus petition. Docs. 10, 11. On January 14, 2011, this Court denied Petitioner's motion for reconsideration of the final judgment of dismissal and directed Petitioner to re-file his motion along with any objections no later than February 18, 2011. Doc. 14. This matter now is before the Court on Petitioner's February 23, 2011, objections to the Magistrate Judge's *Report and Recommendation*. Petitioner indicates that he submitted these objections to prison officials on February 11, 2011. See Doc. 15. The December 10, 2010, final judgment of dismissal of this habeas corpus petition without consideration of Petitioner's objections (Docs. 10, 11) hereby is **VACATED.**

For the foregoing reasons, however, Petitioner's objections (Doc. 15) now are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted. Petitioner asserts that he is actually innocent of the charges, such that this Court should consider the merits of his claims despite any procedural default. In support of this

allegation, Petitioner argues, essentially, that the testimony of government witnesses was not credible and the evidence failed to support his convictions.

In "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," this Court may consider the merits of Petitioner's claims despite his procedural default.  *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).  Petitioner has failed to meet this standard here.

The December 10, 2010, final judgment of dismissal of this habeas corpus petition without consideration of Petitioner's objections (Docs. 10, 11) hereby is **VACATED.**

Petitioner's objections (Doc. 15) are **OVERRULED.**  The *Report and Recommendation* is

**ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

It is so ORDERED.

s/James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: May 9, 2011